UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23431-Civ-LENARD
      (03-22244-Cr-LENARD)
MAGISTRATE JUDGE P. A. WHITE

BRIAN LENNY MACKEY,           :

        Movant,               :

v.                            :          REPORT OF
                                       MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :

        Respondent.           :
_____

Introduction

        Brian Lenny Mackey has filed a pro se motion for relief from judgment pursuant to 18 U.S.C. §3582, arguing that the denial of his first motion to vacate filed pursuant to 28 U.S.C. §2255, entered in case no. 06-22244-Civ-Lenard, must be set aside due to an intervening change in the law. (Cv-DE#1:4). This motion has been opened by the Clerk as one brought pursuant to 28 U.S.C. §2255.

        The Court has reviewed the motion (Cv-DE#1), the government's response thereto with multiple exhibits (Cv-DE#7), the movant's reply (Cv-DE#8), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

        The movant raises the sole claim that he is entitled to vacatur of his sentence based on the Supreme Court's recent decision in Begay v. United States, ____ U.S. ____, 128 S.Ct. 1581 (2008). According to the movant, Begay eliminates the predicate crime of carrying a concealed firearm as a violent felony for purpose of determining his status as a career offender. (Cv-DE#1).

<u>Procedural History</u>

Briefly, the procedural history of the underlying criminal case reveals that the movant was charged by Indictment with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1). (Cr-DE#1). Defense counsel filed a pre-trial motion to suppress the physical evidence seized pursuant to an unlawful search and seizure. (Cr-DE#s62-63). Following an evidentiary hearing, the district court entered a lengthy, detailed order denying the movant's motion to suppress. (Cr-DE#72).

Thereafter, the movant entered into a conditional plea agreement, pursuant to <u>Fed.R.Cr.P.</u> 11(a)(2), in which he agreed to plead guilty as charged, but reserved the right to appeal the denial of his motion to suppress solely on the basis of whether the stop of the vehicle and seizure of physical evidence violated the movant's Fourth Amendment rights. (Cr-DE#70). The United States did not consent, however, to the movant reserving the right to appeal any other issues relating to or involving the suppression motion. (<u>Id</u>.). On January 14, 2005, the movant was sentenced to a term of 180 months in prison, followed by four years of supervised release. (Cr-DE#77).

The movant appealed, raising the sole claim that the court erred in failing to suppress physical evidence seized following an unlawful detention which went beyond the permissible scope of the traffic stop.[1] On September 6, 2005, the Court of Appeals <u>per curiam</u> affirmed the denial of the movant's suppression motion in a written, but unpublished opinion. <u>United States v. Mackey</u>, 149

---

[1]The claim is gleaned from the appellate opinion, <u>United States v. Mackey</u>, 149 Fed.Appx. 874 (11th Cir. 2005), and from the movant's initial brief on appeal which can be found on Westlaw, a legal research database, at <u>United States v. Mackey</u>, 2005 WL 4720411 (11th Cir. 2005).

Fed.Appx. 874 (11th Cir. 2005); (Cr-DE#89).

The movant then returned to the district court, timely filing his first motion to vacate, case no. 06-22244-Civ-Lenard, challenging the constitutionality of his conviction and sentence. In that case, a Report was entered recommending that the motion be denied. The Report was adopted by the district court on July 16, 2008, and the case closed. The court denied the movant's request for a certificate of appealability. In October 2008, the Eleventh Circuit Court of Appeals dismissed the movant's notice of appeal on the finding that the movant had failed to make a substantial showing of the denial of a constitutional right.

That same month, the movant returned to this court, filing the instant motion, which was opened as a second motion to vacate. (Cv-DE#1). Here, the movant asserts that his conviction and sentence should be vacated in light of the Supreme Court's decision in Begay v. United States, ___ U.S. ___, 128 S.Ct. 1581 (2008),[2] and the Eleventh Circuit's interpretation thereof in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).[3] He further asserts that, in light of these two recent decisions, he is actually innocent, the court lacked jurisdiction to impose the judgment, and his enhanced sentence cannot stand because it was based in part on a prior conviction for carrying a concealed firearm which no longer

---

[2]In Begay, the Supreme Court held that to qualify as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" under the Armed Career Criminal Act's definition of "violent felony," 18 U.S.C. §924(e)(2)(B)(ii), a crime must "typically involve purposeful, 'violent,' and 'aggressive' conduct." Begay, 128 S.Ct. at 1586-1588 (drunk driving did not qualify as violent felony).

[3]In Archer, the Eleventh Circuit interpreted Begay and abrogated its prior precedent in United States v. Gilbert, 138 F.3d 137, 1372 (11th Cir. 1998), now holding that carrying a concealed firearm does not involve aggressive or violent conduct, nor does it present a serious potential risk of physical injury to another, and therefore is not a crime of violence for purposes of the armed career criminal enhancement.

qualifies as a predicate offense.

Pursuant to 28 U.S.C. §2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  It is now well settled that a district court lacks jurisdiction to consider a successive §2255 application unless the petitioner first obtains such permission from the appellate court to file a successive petition. See, e.g., Boone v. Secretary, Dep't of Corrections, 377 F.3d 1315, 1317 (11 Cir. 2004); Farris v. United States, 333 F.3d 1211, 1216 (11 Cir. 2003). Thus, to the extent the movant means to mislabel this proceeding as a Rule 60(b) motion, it is in legal effect actually a successive habeas corpus petition. Murillo v. United States, 2006 WL 2853055 (11th Cir. 2006).

Here, it appears that the movant is attempting to circumvent this exception by filing the motion as one pursuant to §3582, which the movant is precluded from doing. See United States v. Sowers, 2007 WL 2302426 at *3 (M.D. Ala. 2007), citing, e.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); Boone v. Secretary, Dept. of Corrections, 377 F.3d 1315, 1317 (11th Cir. 2004). However, the requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependant not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks. See United States v. Sowers, supra ("It makes no difference that the motion itself does not purport to attack this court's substantive analysis of Sowers's habeas claims ... All that matters is that Sowers is, in actuality, 'seek[ing] vindication of' or 'advancing' claims by taking steps that lead inexorably to a

merits-based attack on the prior dismissal of his habeas petition."); <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11 Cir. 1990)(federal courts have "an obligation to look behind the label of a motion filed by a <u>pro se</u> inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

When a person files an unauthorized or successive motion to vacate without first having obtained authorization from the court of appeals to do so, the proper remedy is for the district court to dismiss the claims raised in the petition for lack of jurisdiction. 28 U.S.C. §2244(b)(2)-(3); <u>El-Amin v. United States</u>, 172 Fed.Appx. 942, 946 (11 Cir. 2006).

The record in this case reveals that the movant's prior §2255 motion was denied on the merits. Review of the current pleading does not attack the integrity of his prior §2255 motion, but instead raises a new claim based on a purported change in the substantive law. However, the requirements for a successive motion are stringent, even when based on a new Supreme Court case, because the movant may not obtain relief unless and until the Supreme Court itself holds a "new rule of constitutional law" retroactively applicable to cases on collateral review. <u>See</u> 28 U.S.C. §2255(h)(2)(stating that successive motion must be certified to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

<u>18 U.S.C. §3582(c)(2)</u>

To the extent the movant means to reiterate here that he is entitled to relief pursuant to §3582, that claim also fails on the

merits. Section 3582(c) provides in pertinent part as follows:

> Modification of an imposed term of imprisonment--the court may not modify a term of imprisonment once it has been imposed except that-
>
> (1)  in any case-
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment...if it finds that-
>
> (i)  extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, ... and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community...;
>
> (B)  the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2)  in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment....

18 U.S.C. §3582(c).

The movant asserts that in accordance with the Eleventh Circuit's decision in Archer, he cannot be considered a career offender, as the predicate offense for carrying a concealed firearm is no longer considered a crime of violence for purposes of supporting an enhanced sentence as a career offender. By the terms of 18 U.S.C. §3582(c), the Court is prohibited from modifying a term of imprisonment once it has been imposed unless one of the enumerated exception applies. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005)(explaining that all original sentence

determinations remain unchanged in a §3582(c)(2) proceeding except for the amended guideline range); <u>United States v. Penna</u>, 319 F.3d 509, 511 (9th Cir. 2003).

The first circumstance under §3582 provides that the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment after considering the factors set forth in §3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. §3582(c)(1)(A)(I). This exception is inapplicable here because the movant, rather than the Bureau of Prisons, brought this motion. <u>See</u> <u>United States v. Smartt</u>, 129 F.3d 539, 541 (10th Cir. 1997).

The second exception, 18 U.S.C. §3582(c)(1)(B), provides that the court may modify the term of imprisonment to the extent otherwise expressly permitted by statute or by <u>Fed.R.Cr.P.</u> 35. This rule applies only in vary narrow circumstances and does not permit a court to simply reverse its decision about an appropriate sentence. <u>United States v. Penna</u>, 319 F.3d 501, 512 (9th Cir. 2003). Rule 35 allows modification based on substantial assistance. It is clear, however, that this exception does not apply here.

Finally, the exception provided under §3582(c)(2) does not apply as that section permits a reduction in sentence based on a sentencing range that has been subsequently lowered by the Sentencing Commission. The decision in <u>Begay</u> did not lower the sentencing ranges, nor was <u>Begay</u> an action by the Sentencing Commission. Therefore, 18 U.S.C. §3582(c)(2) by its own terms does not apply. <u>See</u> <u>Carrington v. United States</u>, 503 F.3d 888, 890-91 (9th Cir. 2007)(<u>Booker</u> decision did not lower sentencing range, nor was <u>Booker</u> an action by the Sentencing Commission, therefore

7

§3582(c)(2), by its own terms does not apply). Consequently, the movant is entitled to no relief pursuant to 18 U.S.C. §3582(c).

## 28 U.S.C. §2255

Likewise, the court lacks jurisdiction to grant relief pursuant to 28 U.S.C. §2255. A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. See 28 U.S.C. §2255. This same statute provides, however, that the district court lacks jurisdiction to review successive habeas motions filed without authorization from the court of appeals. See 28 U.S.C. §2255(h)(2)(stating that a successive motion must be certified to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); see also, 28 U.S.C. §2244(b)(3)(A); In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Here, the movant filed a prior §2255 motion which the court denied on the merits.

Although Begay provides good reason to conclude that the movant was erroneously sentenced as a career offender, a sentencing error alone does not amount to a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). See also United States v. Hunter, _____ F.3d _____, 2009 WL 453464 (11th Cir.

8

2009). Because the movant here filed a previous §2255 motion which was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, the Court is without jurisdiction to entertain his current filing as a §2255 motion.

## 28 U.S.C. §2241

This Court is also constrained by law from considering the movant's motion as a petition for federal habeas corpus relief pursuant to 28 U.S.C. §2241. Federal prisoners may file §2241 petitions to collaterally attack the manner in which their convictions and sentences are executed. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The provision of §2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to §2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion, is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. §2255 (emphasis added). The burden to show that §2255 relief would be ineffective is on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1976).[4] Restrictions on §2255 motions, standing alone, do not render §2255 "inadequate or

---

[4] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon the Eleventh Circuit Court of Appeals. See Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

ineffective" within the meaning of the savings clause. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005); Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1998). The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a non-existent offense; and (3) circuit law foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, or first §2255 motion. Wofford, 177 F.3d at 1244 n.3. To prove an offense is non-existent, a petitioner must show that he was imprisoned for conduct that was not prohibited. Sawyer v. Holder, 325 F.3d 1363, 1366 (11th Cir. 2003). The movant must satisfy all three criteria in order to avail himself of the §2241 remedy under Wofford, a burden the movant cannot carry.

The Eleventh Circuit has held, however, that the second prong of the Wofford test is not satisfied where the new Supreme Court decision only addresses sentencing issues and does not invalidate the crime of conviction. See Smith v. United States, 263 Fed.Appx. 853 (11th Cir. 2008)(savings clause did not apply to defendant claiming his federal sentence was improperly enhanced by a state conviction that was obtained in violation of his Sixth Amendment right to counsel and of which he was actually innocent, because the retroactive Supreme Court decision did not render the defendant's offense of conviction nonexistence); Outler v. McFadden, 154 Fed.Appx. 754 (11th Cir. 2005)(second prong of savings clause test not met because offenses for which defendant was convicted have not been made "nonexistent" by Booker). It is clear that Begay and Archer both address sentencing issues and what constitutes a crime of violence for purposes of an enhanced sentence as a career offender. They do not, however, invalidate the crimes of conviction at issue here, two counts of possession with intent to distribute

10

cocaine, and consequently, the movant fails to meet the second-prong of the <u>Wofford</u> test.

Here, the movant's motion is an attempt to circumvent the AEDPA's restrictions on successive §2255 motions. He filed a prior §2255 motion which was denied on the merits. He cannot circumvent the successive motion restrictions by simply filing a criminal motion or a motion pursuant to §2241. Moreover, because the movant here attacks the validity of his underlying sentence, not the manner in which it is being executed, he cannot state a claim for §2241 relief or show that the remedy available under §2255 is inadequate or ineffective to test the legality of his detention. <u>See</u> 28 U.S.C. §2255(e).

<u>Conclusion</u>

For the foregoing reasons, it is recommended that the movant's motion based on <u>Begay</u> and <u>Archer</u> be dismissed for lack of jurisdiction.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 10th day of July, 2009.

UNITED STATES MAGISTRATE JUDGE

cc: Brian Lenny Mackey, <u>Pro Se</u>
    Reg. No. 63413-004
    F.C.C.-Coleman
    P.O. Box 1031
    Coleman, FL 33521

11

Geoffrey J. L. Brown, AUSA
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132