UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23431-CIV-LENARD/WHITE
(RELATED CASE: 03-20715-CR-LENARD)

**BRIAN LENNY MACKEY**,

       Movant,

vs.

**UNITED STATES OF AMERICA,**

       Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 10); DENYING MOTION TO MODIFY SENTENCE (D.E. 1); AND DISMISSING CASE**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 10), issued on July 10, 2009. In his Report, Magistrate Judge White thoroughly addresses Movant Brian Lenny Mackey's Motion to Modify Sentence ("Motion," D.E. 1), and recommends that the Court deny the Motion. Movant filed Objections to the Report on July 24, 2009 (D.E. 11). The Court has conducted a de novo review of the Motion, the Report, the Objections, and the record, and finds as follows

    **I.**    **Background and the Motion**

In his underlying criminal case, Movant was charged by Indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Defense counsel filed a pre-trial motion to suppress the physical evidence seized pursuant to an

unlawful search and seizure. Following an evidentiary hearing, the Court entered an order denying Movant's motion to suppress.

Thereafter, Movant entered into a conditional plea agreement, pursuant to Fed. R. Cr. P. 11(a)(2), in which he agreed to plead guilty as charged, but reserved the right to appeal the denial of his motion to suppress solely on the basis of whether the stop of the vehicle and seizure of physical evidence violated Movant's Fourth Amendment rights. The United States did not consent, however, to Movant reserving the right to appeal any other issues relating to or involving the suppression motion. On January 14, 2005, Movant was sentenced to a term of 180 months in prison, followed by four years of supervised release.

Movant appealed, raising the sole claim that the Court erred in failing to suppress physical evidence seized following an unlawful detention which went beyond the permissible scope of the traffic stop. On September 6, 2005, the Court of Appeals per curiam affirmed the denial of Movant's suppression motion in a written, but unpublished opinion. United States v. Mackey, 149 Fed.Appx. 874 (11th Cir. 2005).

Movant then returned to the district court, timely filing his first motion to vacate, case no. 06-22244-Civ-Lenard, challenging the constitutionality of his conviction and sentence. In that case, a Report was entered recommending that the motion be denied. The Report was adopted by Court on July 16, 2008, and the case closed. The court denied Movant's request for a certificate of appealability. In October 2008, the Eleventh Circuit Court of Appeals dismissed Movant's notice of appeal on the finding that Movant had failed to make a

2

substantial showing of the denial of a constitutional right.

That same month, Movant returned to this Court, filing the instant Motion for relief from judgment pursuant to 18 U.S.C. §3582 under the case no. 08-23431-Civ-Lenard. The Court referred the Motion to Magistrate Judge White, and Magistrate Judge White then ordered the Clerk of Court to open the Motion under a new case number, which the Court did. (See D.E. 1.)

In his Motion, Movant contends that the Court should modify his 180 month sentence pursuant to 18 U.S.C. § 3582(c)(2), based on the Supreme Court's decision in Begay v. United States, -- U.S. --, 128 S. Ct. 1581 (2008), and the Eleventh Circuit's decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2007). In Begay, the Supreme Court held that a conviction for felony driving under the influence was not a "violent felony" under the Armed Career Criminal Act ("ACCA") and therefore could not be used to qualify a defendant as a "career offender" and enhance his sentence. 128 S. Ct. at 1587. In Archer, the Eleventh Circuit extended the holding of Begay, and found that the crime of carrying a concealed firearm was not a violent felony under ACCA and the Sentencing Guidelines. 531 F.3d at 1352. As two of Movant's convictions underlying his "career offender" status are for carrying a concealed firearm, Movant argues that he should be resentenced accordingly.

**II.    The Report**

In the Report, Magistrate Judge White first recommended that the Court deny the instant Motion as a successive motion under 28 U.S.C. § 2255. Magistrate Judge White

3

found that when a person files an unauthorized or successive motion to vacate without first having obtained authorization from the court of appeals to do so, the proper remedy is for the district court to dismiss the claims raised in the petition for lack of jurisdiction. Magistrate Judge White also recommended that the Court deny the Motion on its merits. Magistrate Judge White further found that, even construing the Motion as being filed under 18 U.S.C. § 3285(c), Movant could not satisfy any of the enumerated requirements for modification of a sentence under that statute. Magistrate Judge White additionally found that if the Court construed the Motion as a petition writ of habeas corpus subject to § 2255's "savings clause," thereby falling under 28 U.S.C. § 2241, Movant could not satisfy the requirement to show that § 2255 relief would be inadequate or ineffective. (See Report, D.E. 10 at 10-11 (finding that, in order to qualify for relief pursuant to the "savings clause" of § 2255, Movant would have to establish that his underlying convictions were rendered "non-existent," which he could not).)

**III.     Objections**

In his objections, Movant contends that the instant Motion is not a successive petition for two reasons: (1) he does not seek to have his sentence vacated, rather he only seeks to have his sentence modified; and (2) the Motion has merit pursuant to the terms of 18 U.S.C. § 3582(c). Regarding the merits of his Motion, Movant contends that Magistrate Judge White's interpretation of § 3582(c) was too narrow. Movant does not object to Magistrate Judge White's finding that Movant does not qualify for relief pursuant to § 2255's "savings

4

clause." As such, the Court need not address the finding of Magistrate Judge White regarding the applicability of the "savings clause" any further. See 28 U.S.C. § 636(b)(1) (district court is only required to make "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

**IV.     Discussion**

Contrary to Movant's argument in his Objections, the instant Motion is indeed a successive motion under § 2255, as Movant is seeking to correct a sentence that he claims was imposed contrary to Supreme Court and Eleventh Circuit case law. Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Defendant filed a previous § 2255 motion which was denied, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, the Court is without jurisdiction to entertain the instant Motion.

Even if the Court were to entertain the Motion on the merits pursuant to 18 U.S.C. § 3582(c), it would still fail. Section 3582(c) provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered

5

>by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  As stated by Magistrate Judge White in his Report, "The decision in Begay did not lower the sentencing ranges, nor was Begay an action by the Sentencing Commission. Therefore, 18 U.S.C. §3582(c)(2) by its own terms does not apply." (Report, D.E. 10 at 7.)  See also  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (explaining that all original sentence determinations remain unchanged in a § 3582(c)(2) proceeding except for the amended guideline range).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

**1.** The Report of Magistrate Judge Patrick A. White (D.E. 10) is **ADOPTED**.

**2.** Movant's Motion to Modify Sentence (D.E. 1), is **DENIED**.

**3.** This case is **CLOSED.**

**4.** All pending motions not otherwise ruled upon are hereby **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of August, 2009.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**